IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ADP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| UNILOC LUXEMBOURG S.A., and § | |
| UNILOC USA, INC., § | |
| § | |
| Defendants. § | |

## MOTION TO FILE COMPLAINT UNDER SEAL

Plaintiff ADP, LLC ("ADP") submits this motion to file under seal its complaint against Defendants Uniloc Luxembourg S.A. and Uniloc USA, Inc. (collectively herein, "Uniloc").

ADP's complaint quotes from two documents which Uniloc previously filed under seal in this Court in *Uniloc Luxembourg SA et. al. v. ADP, LLC*, 2:16-cv-741-RWS, D.I. 292-2 at Exhs. E, I (referred to therein as the "2016 Assignment" and "2017 Amendment"). In that action, both documents were designated by Uniloc as "Confidential - Attorney's Eyes Only" under the operative protective order, 2:16-cv-741-RWS D.I. 133. Thus, it appears that Uniloc at one time considered the documents to contain confidential business information about Uniloc that could cause competitive harm if made accessible to the public.

Over two months ago, Uniloc filed these same two documents without restriction in a public federal court filing (as detailed in the sealed complaint). However, ADP and the undersigned remain parties to the protective order under which the documents were originally produced. Thus, in an abundance of caution ADP will omit from the public version of its complaint all confidential quotes from the "2016 Assignment" and "2017 Amendment" and all

references to the location of their public filing, and hereby moves this court to file the complaint under seal.

Courts have recognized that the public's right to inspect judicial records is not absolute. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. Tex. 1993) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). For example, it may be appropriate to seal documents when the release of those documents will cause competitive harm to a business. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citing *Nixon*, 435 U.S. at 598)). Business records for which sealing may be appropriate can include patent license terms and royalty rates, where public release of such information could weaken a company's negotiating position in future licensing negotiations or in resolving litigation. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015).

Sealing may be appropriate where disclosing and receiving parties had agreed to confidentiality when initially sharing the information now being filed. *See Decapolis Group, LLC v. Mangesh Energy, Ltd.*, No. 3:13-cv-1547, 2014 WL 702000, *2 (N.D. Tex. Feb. 24, 2014) (granting motion to seal). Sealing is particularly appropriate where the parties had previously entered into a filed protective order. *Hambric Sports Mgmt., LLC v. Team AK, Inc.*, Civil Action No. 3:09–CV–1662–L, 2010 WL 1962691, at *3 n.1, 6 (N.D. Tex. May 14, 2010) (granting motion to seal based on a protective order issued in a different proceeding).

Here, ADP and its undersigned counsel are parties to a protective order filed in this Court under which purportedly business-confidential information in the instant complaint was first produced by Uniloc with confidentiality designations. To protect Uniloc's confidentiality interests, ADP accordingly moves this court to file ADP's complaint under seal. After filing,

ADP intends to seek confirmation from Uniloc that the 2016 Assignment and 2017 Amendment as publicly filed are no longer confidential under the protective order; if so confirmed, ADP will withdraw this motion and allow the complaint to be unsealed.

Dated: February 1, 2019　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael E. Jones*
　　　　　　　　　　　　　　　　　　　　　　　William J. McCabe
　　　　　　　　　　　　　　　　　　　　　　　E-Mail: WMcCabe@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　　　　Matthew J. Moffa
　　　　　　　　　　　　　　　　　　　　　　　E-Mail: MMoffa@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　　　　**PERKINS COIE LLP**
　　　　　　　　　　　　　　　　　　　　　　　30 Rockefeller Plaza, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, NY  10112-0085
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 262-6900
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 977-1649

　　　　　　　　　　　　　　　　　　　　　　　Michael E. Jones
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No.:  10929400
　　　　　　　　　　　　　　　　　　　　　　　E-Mail:  mikejones@potterminton.com
　　　　　　　　　　　　　　　　　　　　　　　Patrick C. Clutter
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24036374
　　　　　　　　　　　　　　　　　　　　　　　E-Mail: patrickclutter@potterminton.com
　　　　　　　　　　　　　　　　　　　　　　　**POTTER MINTON, PC**
　　　　　　　　　　　　　　　　　　　　　　　110 North College Suite 500
　　　　　　　　　　　　　　　　　　　　　　　Tyler, TX 75702
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (903) 597-8311
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (903) 593-0846

　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　　　　　　　**ADP, LLC**

## CERTIFICATE OF SERVICE

　　　　The undersigned hereby certifies that Defendant will be served with a filed copy of this document along with a copy of the Original Complaint which is being filed simultaneously.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael E. Jones*