**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **ADP, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **NO. 5:19-cv-00015-RWS** |
| § | |
| **UNILOC LUXEMBOURG S.A., and** § | |
| **UNILOC USA, INC.,** § | |
| § | |
| **Defendants.** § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any witness statements described in Tex. R. Civ. P. 192.3(h);

(h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j) for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

  a. the expert's name, address, and telephone number;

  b. the subject matter on which the expert will testify;

  c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

   1. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

      2. the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

    e. Any party shall be excused from furnishing an expert report of treating physicians.

2. **Protective Orders and Electronic Discovery Orders.** The parties shall file a proposed Stipulated Protective Order and a proposed Order Governing E-Discovery and Discovery Production Format within fourteen (14) days of the date of this Order.

3. **Additional Disclosures.** Each party, within sixty (60) days after the Scheduling Conference, shall provide to every other party the following:

    (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

    (b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based, including

        materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert; and

    (c)    those documents and authorizations described in Local Rule CV-34;

4.    **Discovery Limitations**.  Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with **25 interrogatories, 25 requests for admissions** (except that there is no limit to the number of requests for admission the parties may serve to establish the authenticity and/or admissibility of documents), the depositions of the parties (with at least 14 hours of depositions pursuant Rule 30(b)(6) and 14 hours of depositions pursuant to Rule 30(b)(1) authorized), depositions on written questions of custodians of business records for third parties, **two (2) expert witnesses per side,** and thirty-five (35) additional hours of nonparty depositions per side**.** "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to expert final reports in these cases are exempt from discovery.  In addition, all communications with and all materials generated by a testifying expert with respect to his work on any of these actions are exempt from discovery unless relied upon by the expert in forming an opinion.  If an expert produces a report, the expert must also produce all materials on which the expert relied. Testifying experts shall not be subject to discovery on any draft of their reports or declarations in this case.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. Within ninety (90) days after the Scheduling

Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties are not required to include in their privilege logs any protected documents that came into existence on or after March 21, 2019. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within one hundred and twenty (120) days after the Scheduling Conference.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (c) An appropriate identification of each document or other exhibit, including summaries

of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

   (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party

|       | |
|---|---|
|       | required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.  The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel. |
| (b)   | In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages.  Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). |
| (c)   | Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local |

        Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**So ORDERED and SIGNED this 12th day of June, 2019.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE