**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **ADP, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **NO. 5:19-CV-000015-RWS** |
| | § | |
| **UNILOC LUXEMBOURG S.A., and** | § | |
| **UNILOC USA, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GOVERNING E-DISCOVERY AND DISCOVERY PRODUCTION FORMAT**

WHEREAS, pursuant to Fed. R. Civ. P. 26(f), the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials:

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

**A.     Electronically Stored Information.**

1.     <u>**Authenticity.**</u> Each Party stipulates to a presumption of authenticity for electronic documents produced from its own servers or custodians, when such documents appear to have been authored, generated or prepared by that Party or one of that Party's employees or agents. The producing Party bears the burden of coming forward with evidence to demonstrate the lack of authenticity of any of its own documents, and the Parties agree to meet and confer in good faith regarding any authentication issues relating to documents presumed to be authentic under this provision.

2.     <u>**Search Protocols**</u>.  The Parties may meet and confer to identify reasonable and mutually agreeable search terms, search protocols, date restrictions and custodians where

practical for all information subject to discovery; provided that a document that is captured by application of any agreed-upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation or any required disclosure.  Such determinations shall be made by the producing Party.  The use of search terms will not preclude the parties' use of other reasonable techniques to further identify relevant or irrelevant documents, including, but not limited to, predictive coding and other technology assisted review.

3.    **Parent-Child Relationships.**  Parent/child relationships (the association between an attachment and its parent Document) must be preserved in such a way that a Document and any attachments to that Document are produced in the same production set and the relationships are identifiable.  The Parties agree to provide beginning attachment and ending attachment fields in the database load file to capture the entire production number range for the parent/child(ren) documents.

4.    **Deduplication.**  A Party may globally de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across Custodians.  For emails with attachments, the hash value is generated based on the parent/child document grouping.  However, metadata identifying all custodians in possession of each that is removed as a duplicate must be produced in an "DUPLICATE_CUSTODIAN" field in the production load file.

5.    **Email Threading.**  The Parties may use software to identify email threads.  If the Parties agree to the use of email threading software, the Parties must agree on the reasonable reduction of lesser inclusive email threads prior to the commencement of document review.  Further, if the Parties agree to the reasonable reduction of lesser inclusive email threads from document review and/or production, the Parties will be required to maintain all parent child

relationships (i.e., if a lesser inclusive email has attachments that are not part of the more inclusive email, then the lesser inclusive email and attachments must be produced in their entirety).

**B.      Format for Production.**

The Parties stipulate to the following methods of production:

        a.      *Hard Copy Documents.*  (i) All black and white hard copy documents will be scanned and produced in electronic form.  The hard copy documents shall be converted to single page TIFF images and produced following the same protocol set forth herein or otherwise agreed to by the Parties. (i) Images of all file labels, file headings, and file folders associated with any hard copy document will be produced with the images of the hard copy documents. (ii) Document breaks for paper documents shall be based on Logical Document Determination (or LDD), rather than on physical document breaks. (iii) The database load file shall include the following fields:  BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, CONFIDENTIALITY, REDACTED, and PROD_VOLUME.

        b.      *Metadata Fields and Processing*.  Each of the metadata and coding fields set forth in **Appendix 1** that can be extracted shall be produced for that document. The Parties are not obligated to manually populate any of the fields in **Appendix 1** if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH; CUSTODIAN, CONFIDENTIALITY, REDACTED, DUPLICATE_CUSTODIAN, and PROD_VOLUME.  The Parties agree that the DUPLICATE_CUSTODIAN field should be populated by the Party or the Party's vendor to identify other custodians in possession of the document before deduplication was applied to the

data set.  The Parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct.

   c. *TIFFS*.  Single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi).  Single page TIFF images should be named according to the unique bates number, followed by the extension ".TIF".  Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape).

   d. *Text Files*.  For each document originating in electronic format, a text file containing the full text of each document should be provided along with the image files and metadata.  Text of native files should be extracted directly from the native file.  The text file should be named according to the unique bates number, followed by the extension ".TXT."  The Parties agree that the full text and/or OCR of any document will not be contained within a database load file, but rather as a standalone file with each text file containing an entire document as they are defined.

   e. *Database Load Files*.  An ASCII delimited data file (.txt, .dat, or .csv) that can be loaded into commercially acceptable database software (e.g., Concordance).  The first line of each text file must contain a header identifying each data field name (i.e., header row).  Each document within the database load file must contain the same number of fields as defined in the header row.

   f. *Cross-Reference Image File Registration*.  An image load file that can be loaded into commercially acceptable production software (e.g., Opticon, iPro).  Each TIFF in a production must be referenced in the corresponding image load file.  An exemplar load file format is below.

ABC0000001,PROD001,\\IMAGES\001\ABC0000001.tif,Y,,,2

ABC0000002,PROD001,\\IMAGES\001\ABC0000002.tif,,,,

ABC0000003,PROD001,\\IMAGES\001\ABC0000003.tif,Y,,,1

g. *Bates Numbering.* All images must be assigned a unique and sequential Bates number.

h. *Native File Productions.* The Parties agree that when producing a native file, they will include a TIFF image as a placeholder for the file to represent the file in the production set. The TIFF image placeholder for a native file should be branded with a unique Bates number and state "Document Produced Natively" on the TIFF image. The native file should then be renamed to match the Bates number assigned to the document with its original file extension. The filename field produced in the production load file that reflects the original metadata should maintain the original file name.

i. *Microsoft Office files, WordPerfect, other standard documents (e.g. Google Docs and PDF documents).* MS Office files, WordPerfect, other standard documents, such as PDF documents and the like, will be converted to single-page TIFF images and produced consistent with the specifications herein. If the document contains comments or tracked changes, the TIFF images shall be generated to include the comments or track changes contained in the file.

j. *Email and attachments.* E-mail and attachments should be converted to single-page TIFF images and produced consistent with the specifications provided herein. Attachments shall be processed as separate documents, and the text database load file shall include a field in which the producing Party shall identify the production range of all attachments of each e-mail.

k.     *Microsoft PowerPoint and other Presentation Files.*  The Parties shall produce presentations (MS PowerPoint, Google Presently) natively or process them to include hidden slides and speaker's notes by imaging in a way that both the slide and the speaker's notes display on the TIFF image.

l.     *Spreadsheets.*  The Parties shall produce spreadsheets (e.g. MS Excel, Google Trix) in native format, where available and not redacted.  TIFF images of spreadsheets need not be produced unless a spreadsheet is redacted.  If a spreadsheet requires redaction, then TIFF images of the spreadsheet after the redaction has been applied will be provided and the native file and full text will be withheld.

m.     *Good Cause for Additional Requests.*  If good cause exists to request production of specified files in native format, the Party may request such production and provide an explanation of the need for native file review.

n.     *Digital Photographs.*  Digital photographs will be produced as image files at their original resolution with production numbers branded on the image.

o.     *Embedded Files.*  Embedded files shall be treated as separate files.  The load file shall include a field in which the producing Party shall identify, for each document containing an embedded file, the production range of any such embedded file. This production range may be identified in the same field as the production range of an e-mail attachment.

p.     *Other Documents or Data.*  Before any Party produces certain structured or other electronic data that is not easily converted to static TIFF images, such as databases, CAD drawings, GIS data, videos, websites, social media, etc., the Parties will meet and confer to discuss the appropriate format for the production.

q.      *Color Documents.*  Except as otherwise specifically provided herein or agreed to by the Parties, documents originally in color need not be produced in color unless the production in black and white alters or obscures the substance of the document.  Documents produced in color must be produced with agreed compression.  A Party may request that a reasonable number of documents be produced in a color format upon review of the other Party's production.

r.      *Redactions.*  In the event that a document requires redaction, the Parties agree that native files, full text and/or OCR, and specified metadata fields will be excluded.  As indicated within **Appendix 1** metadata fields for exclusion in Redacted documents include SUBJECT, INTERNAL FILE PATH AND FILENAME.  The TIFF image should show the caption *[Redacted, Redacted-Privileged, Redacted-PII, etc.]* where applicable and a production load file field should be populated to indicate the document contains a redaction.

s.      *Production Media.*  Documents and ESI shall be produced on optical media (CD or DVD), external hard drives, or via an FTP site, or similar, readily accessible electronic media (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the Party and production with which the documents on the Production Media are associated (e.g., "ADP 001", "UNILOC USA 001"), as well as the volume of the material in that production (e.g., "- 001", "-002").  For example, if the first production from a Party comprises document images on three hard drives, the Party shall label each hard drive in the following manner: "[Party Name] 001-001", "[Party Name] 001-002", and "[Party Name] 001-003."  Each piece of Production Media shall be labeled to also identify:  (1) the production date; and (2) the production number range of the materials contained on the Production Media.

t.    *Encryption.*  Industry-standard encryption tools and practices must be used when transferring data between parties.  Passwords must be at least 8 characters with a mix of character sets and sent in a separate communication from the encrypted data.

**C.    Third Party Documents.**  A Party that issues a non-Party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the litigation have requested that Third Parties produce documents in accordance with the specifications set forth herein.  The Issuing Party shall produce any documents obtained pursuant to a non-Party subpoena to the opposing Party.  If the non-Party production is not Bates-stamped, the Issuing Party will brand the non-Party production images with unique prefixes and Bates numbers prior to producing them to the opposing Party per the technical specifications outlined in this Stipulation.  Nothing in this Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or Third Parties to object to a subpoena.

**D.    Protection of Privilege and Work Product Immunity.**

1.    The Parties agree that this Stipulation invokes the protections afforded by Rule 502 of the Federal Rules of Evidence.  As used herein, "privilege" means both the attorney-client privilege and work product immunity doctrine.

2.    A Party may seek the return and/or destruction of any document produced in response to discovery requests in this action that the Party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege and the work product doctrine (collectively referred to as "Inadvertently Produced Document").

3.    A Party may request the return of any Inadvertently Produced Document in accordance with the Parties' Protective Order.

4.     The return of an Inadvertently Produced Document does not preclude the Receiving Party from disagreeing with the designation of the document as privileged or redacted and re-produced and bringing an appropriate Motion pursuant to the Federal Rules of Civil Procedure.  Such disagreement however, shall not be used to withhold the return or destruction by the receiving Party of the Inadvertently Produced Document.

5.     For all documents withheld or redacted on the basis of privilege, the parties agree to furnish logs which comply with the legal requirements under federal law, included fielded information for date, author, recipients (including CCs and BCCs), subject, and the type of privilege being asserted.  For each document withheld or redacted on the basis of privilege, the log shall set forth a description of the document and of why privilege is being asserted over the document. To the extent a document is part of a "document family" with a combination of privileged and non-privileged documents, the privileged documents will be represented in the production with a placeholder TIFF image that bears the legend "Document Withheld as Privileged." The TIFF image(s) shall be endorsed with a sequential Bates number. The parties shall identify on their logs where counsel is present in a conversation. A party may make just one entry on the log that covers an entire email chain, and need not log each email separately. Privilege logs shall be produced in Excel format. Privilege logs may be produced on a rolling basis. The producing party will endeavor to provide the privilege log within thirty (30) days of each production date.

So ORDERED and SIGNED this 1st day of July, 2019.


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

## Appendix 1:  Metadata and Coding Fields

The Parties agree to produce a metadata database load file with following fields in the order displayed below. The Parties agree that all fields with an asterisk* will not be required to be produced if the files require redaction.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual from whom the documents originated |
| DUPLICATE_CUSTODIAN | Individual(s) that had electronic files that were removed due to de-duplication |
| DOCTYPE | Description of document (Email, Attachment, Edoc, Hard Copy) |
| EXTENSION | Characters of the filename indicating the relevant program used to open the file (file extension) |
| INTERNAL_FILE_PATH* | The directory structure of the original file(s). Any container name is included in the path. |
| HASHVALUE | The MD5 or SHA-1 hash value. |
| NATIVELINK | Native File Link for agreed upon native files, if applicable (for example Excel files) |
| SUBJECT* | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent |
| PARENT_DATE | The date of the parent email should be applied to the parent email and all of the email attachments. |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME* | Filename of an electronic document, loose files and attachments to email. |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) |
| REDACTED | Yes should be populated if a document contains a redaction. |
| CONFIDENTIALITY | The confidential designation should be populated. |
| PROD_VOL | The Production CD volume name. |
| TIMEZONE | Three letter reference to reflect time zone that data was processed in, as agreed between parties |
| TEXT_PATH | Path to produced text (.txt) file |
| EMAIL MESSAGE ID | Microsoft Outlook or similar number in other message systems. For example: 49ecbdd.00000111dddddt@abc.com |
| DATE RECEIVED | Received Date of Email |