**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| ADP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 5:19-cv-00015-RWS |
| v. | § | |
| | § | |
| UNILOC LUXEMBOURG S.A., and | § | |
| UNILOC USA, INC., | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND BRIEF IN SUPPORT</u>**

## INTRODUCTION

Defendants Uniloc Luxembourg S.A. and Uniloc USA, Inc. (collectively "Uniloc") seek a Protective Order preventing irrelevant, unnecessary, and unduly burdensome discovery of Uniloc's counsel in unrelated litigation via third party subpoenas. This case is about ADP's claim for indemnification and damages allegedly incurred in a previous patent infringement case brought in this Court by Uniloc.  ADP served subpoenas on six law firms that have represented Uniloc in the past, seeking all of Uniloc's invoices, fee arrangements, payments, and hourly rate information from 45 different cases, only one of which even involves ADP.  The discovery sought is broad and overreaching and has no legitimate connection with any claims or defenses before the Court. Further, ADP has never sought this information from Uniloc, the owner of these documents.  Uniloc accordingly moves for a Protective Order preventing discovery of its current and former counsel concerning Uniloc's fees and invoices in unrelated litigation.

## BACKGROUND

The facts regarding the underlying litigation are described more fully in Uniloc's Memorandum in Support of its Motion to Dismiss.  (Doc. 23.) In this case, ADP seeks to recover primarily its attorneys' fees and costs spent defending a prior patent infringement lawsuit that Uniloc brought against ADP in 2016.  *Uniloc Luxembourg SA et. al. v. ADP, LLC*, No. 2:16-cv-741 (E.D. Tex).)  The patents at issue were obtained by Uniloc through an assignment from IBM (the "2016 Assignment").

APD was not a party to the 2016 Assignment with IBM.  That agreement explicitly provided that "for the avoidance of doubt" ADP was not protected as a "Strategic Partner" and therefore could be sued. (Comp. ¶¶ 13, 81-83). After Uniloc and IBM negotiated an amendment to the 2016 Assignment that would allow ADP to be licensed by IBM and protected from

1

litigation (the "2017 Amendment"), and following its dismissal from Uniloc's suit, ADP demanded indemnification from Uniloc based on the 2016 Assignment. Uniloc refused to indemnify ADP (Comp. ¶¶ 84, 86) and ADP responded by filing suit against Uniloc for breach of contract, tortious interference, and for sanctions under 28 U.S.C. § 1927. Uniloc moved to dismiss all Counts on April 26, 2019. Defendants' motion to dismiss is fully briefed and pending before the Court. (*See* Doc. 23, 31.)

I. THE SUBPOENAS AT ISSUE

On Friday, September 20, 2019, ADP provided notice that it intended to subpoena six of Uniloc's prior law firms, seeking a wide array of emails and communications from Uniloc's case files with those firms. On Wednesday, September 25, 2019, Uniloc received notice of amended subpoenas that broadened these requests to include four additional topics targeting invoice and fee arrangement details of Uniloc's relationships with the six law firms involved in each one of its prior cases involving IBM patents. The law firms and the number of case files targeted from each include: Cesari and McKenna LLP (23 case files); Etheridge Law Group (9 case files); Tadlock Law Firm PLLC (23 case files); O'Kelly Ernst & Joyce LLC (1 case file); Prince Lobel Tye (31 case files); and Nelson Bumgardner Albritton PC (16 case files).

Uniloc objected to the amended subpoenas in full by letter sent on September 26, 2019. *See* Declaration of Eric Brown, ¶ 3. The parties met and conferred regarding the amended subpoenas, resulting in Uniloc agreeing to produce certain subsets of information in exchange for ADP's withdrawal of all subpoena topics except for the last four topics in each that sought fee arrangements, invoices, hourly rates, and all payment documents. *Id.* ¶ 4, 7. ADP has refused to narrow these four topics. *Id.* ¶ 7 The remaining four topics directed to Prince Lobel Tye, LLP, for example, in the amended subpoena include:

2

    125. Documents sufficient to show all fee arrangements in place between Uniloc and Prince Lobel between February 3, 2016 and the present date, inclusive, for the cases listed in Requests 1-124 above.

    126. All invoices for legal fees and costs incurred by Uniloc between February 3, 2016 and the present date, inclusive, for the cases listed in Requests 1-124 above.

    127. Documents sufficient to show the effective and actual hourly rates charged by Prince Lobel for work performed on behalf of Uniloc between February 3, 2016 and the present date, inclusive, for the cases listed in Requests 1-124 above.

    128. Documents sufficient to show all payments (including contingency fee payments, if any) made by Uniloc to Prince Lobel between February 3, 2016 and the present date, inclusive, for the cases listed in Requests 1-124 above.

*See* Amended Subpoena to Prince Lobel, Req. 125-128, (excerpted in Brown Decl. Ex. 1). The last four requests on the other five amended subpoenas to former Uniloc law firms contain identical language with only the number of cases and name of the firm changed. *Id*. ¶ 6. Uniloc brings the present motion for a Protective Order to prevent this unnecessary, overreaching, and irrelevant discovery regarding these four topics on each amended subpoena.

### LEGAL STANDARD

    Upon a showing of good cause, "any person from whom discovery is sought may move for a protective order in the court where the action is pending … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense … forbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(G); *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 435 (5th Cir. 1990). The Court should balance the competing interests of the parties in allowing discovery and protecting parties and deponents from undue burdens and expenses. *Bucher v. Richardson Hosp. Authority,* 160 F.R.D. 88 (N.D.Tex.1994).

    Subpoenas to third-parties "are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b)." *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). Under Rule 26(b), parties are limited to "discovery regarding nonprivileged matter that is

3

relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 requires the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

## LEGAL ANALYSIS

The Court should grant the requested Protective Order for several reasons. ADP's subpoenas seek irrelevant information, are unduly burdensome and not proportional to the needs of the case; would require extensive privilege review of fee and invoice documents on 45 separate cases; and seek information that has not been sought from Uniloc directly.

**I.    THE SUBPOENAS SEEK ONLY IRRELEVANT DOCUMENTS.**

Fed. R. Civ. P. 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When documents are not relevant or necessary to obtain admissible evidence, any burden on the nonparty is undue. *Compaq Comp. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). "Whether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are 'reasonably calculated' to lead to evidence admissible as to [its] claims" or defenses against its opponent in the underlying case. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449–50 (N.D. Tex. 2015).

ADPs four subpoenaed topics at issue are completely irrelevant to the present litigation. This lawsuit is about ADP's contract and tort claims. The topics demand documents for 103 case files involving 45 different patent cases. ADP was a party to only one of those cases. ADP has not narrowly tailored these requests. The fee arrangements, hourly rates, invoices, and payment data for Uniloc in other patent cases has no bearing on whether Uniloc breached or

4

tortiously interfered with a contract of ADP's.  The fees of Uniloc in 45 other cases are wholly irrelevant.  They involve different parties, different counsel, different claims, and different Courts.

ADP's entire argument for relevance appears to be that Uniloc has alleged that the damages in the form of attorneys' fees that ADP is claiming in this lawsuit are unreasonable.[1] However, Uniloc's legal fees in 44 cases of the cases have nothing to do with ADP, involve only separate litigation, and have no relevance to whether ADP's fees in the underlying litigation were reasonable.  As to Uniloc's fees in its underlying litigation with ADP, what Uniloc incurred is not relevant to whether ADPs fees were reasonable. In fact, Uniloc's fees to their lead counsel are not even paid on a straight hourly basis and are incompatible with comparison.  Declaration of Steve Pedersen at ¶ 4. Quite simply, whether Uniloc's fees in the underlying litigation were reasonable or not has no bearing on whether ADP's fees were reasonable.

In addition, to clarify the issue and prevent motion practice, Uniloc has agreed not to use Uniloc's own time or expenses to argue the unreasonableness of ADP's fees.  Given that position, the documents sought are totally irrelevant and unnecessary.

The Texas Supreme Court in *In re National Lloyds Insurance Company*, 532 S.W.3d 794 (2017), recently held that hourly rates, total amount billed, and total reimbursable litigation expenses of an opposing party are irrelevant and not discoverable because they do not "make it any more probable that a requesting party's attorney fees are reasonable and necessary, or not." *Id*. at 810.  "This is so because an opposing party's litigation expenditures are not *ipso facto* reasonable or necessary; indeed parties who are not seeking to shift responsibility for their fees

---

[1] When a contract authorizes an award of attorney's fees, the fee awarded must still be reasonable even in the absence of a provision requiring a reasonable fee.  *See Frew v. Traylor,* 688 Fed. Appx. 249, 257-58 (5th Cir. 2017); *Spirtas Co. v. Insurance Co. of State of Pa*., 555 F. 3d 647, 653 (8th Cir. 2009).

5

may freely choose to spend more or less time or money than would be "reasonable" or "necessary" for parties who are." *Id.* Evidence of an opposing party's fees "lacks genuine probative value as a comparator for a requesting party's fees and, at best, would be merely cumulative or duplicative of other evidence directed to that inquiry." *Id.*

Under this authority, Uniloc's fees in the underlying litigation are irrelevant, as are Uniloc's fees and invoices in over 100 unrelated case files with six other firms. As the Court stated, "the tasks and roles of counsel on opposite sides of a case and the interests of opposing parties are so distinct that no 'logical comparability' exists with respect to their attorney fees and billing rates." *Id*. at 810-11 (*citing McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 384 (5th Cir. 2011)). The tenuous connection of the documents sought to this case does not meet the standard for relevance under Fed. R. Civ. P. 26(b) and a Protective Order should be issued.

**II.   THE SUBPOENAS CREATE AN UNDUE BURDEN ON UNILOC AND THE THIRD PARTY RECIPIENTS**

To determine whether a subpoena presents an undue burden, Courts consider: (1) relevance of the information requested; (2) the need for the documents; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The four topics at issue are unduly burdensome because of the expansive nature of the requests and the unnecessary work that would be required to ensure compliance with privilege concerns. Plaintiff has requested all fee information from 103 separate case files, from six law firms, regarding 45 separate litigations. ADP's unwillingness to narrow its requests shows that it is merely on a fishing expedition. The documents sought in these four topics are not probative of the reasonableness of ADP's fees, and the requests are unduly burdensome on Uniloc and its counsel in those matters.

The invoices sought from these 100+ case files covering a period of over 3.5 years would require redaction to protect attorney-client privilege.  Uniloc's fee arrangements, invoices, and payments are confidential and contain attorney client privileged information.  Pederson Aff. ¶ 3. There is no legitimate reason for Uniloc and its counsel to undergo such a costly and painstaking privilege review.  These requests should be prohibited via Protective Order.

Finally, a subpoena seeking information available from a party to the case is unduly burdensome. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993). The documents, although not relevant, should have been sought first from Uniloc, the party to the case.  *Haworth*, 998 F.2d at 978.

### III.   THE CIRCUMSTANCES OF THIS CASE REQUIRE THIS COURT'S INTERVENTION.

As a final note, the practical efficiency of addressing these six separate third-party subpoenas together weighs heavily in favor of this Court addressing them through this motion. ADP served these six subpoenas in three separate jurisdictions.  Litigating these identical document requests to third-parties in three parallel proceedings in different Courts would lead to unnecessary expenses and the potential for disparate results, especially considering all documents, if relevant, are available from Uniloc. The Court should grant this motion and provide consistency and finality as to these remaining four requests in these six amended subpoenas.

### CONCLUSION

Uniloc requests the Court enter a Protective Order limiting the scope of discovery to exclude discovery of Uniloc's fee arrangements, invoices, hourly rate, and payments in separate litigation, including the last four topics in each of ADP's subpoenas to Uniloc's counsel in those other cases.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 9, 2019 | **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.** |
|  | By: /s/Dean C. Eyler |
|  | Dean C. Eyler (MN Bar # 267491) |
|  | Eric V. Brown (MN Bar # 393078) |
|  | 500 IDS Center |
|  | 80 South 8th Street |
|  | Minneapolis, MN  55402 |
|  | Phone: 612-632-3000 |
|  | Fax: 612-632-4444 |
|  | dean.eyler@gpmlaw.com |
|  | eric.brown@gpmlaw.com |
|  | **CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.** |
|  | Ken Carroll |
|  | Texas Bar No. 03888500 |
|  | 901 Main Street, Suite 5500 |
|  | Dallas, TX 75202 |
|  | Phone: 214-855-3029 |
|  | Fax: 214-758-3729 |
|  | kcarroll@ccsb.com |
|  | **ATTORNEYS FOR DEFENDANTS** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System on October 9, 2019.

/s/ Dean C. Eyler

## **CERTIFICATE OF CONFERENCE**

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The motion is opposed by Plaintiff. The conferences required by L.R. CV-7(h) have been conducted. On October 3, 2019, Eric Brown and Ken Carroll appearing for Defendants and Matthew Moffa appearing for Plaintiff conducted an initial meet and confer teleconference regarding the issues in dispute and narrowed the issues. On October 9, 2019, a second meet and confer teleconference was held with Dean Eyler, Eric Brown, and Ken Carroll appearing for Defendants and Matthew Moffa, William McCabe and Patrick Clutter appearing for Plaintiffs. Agreement could not be reached on the final four topics of each third-party subpoena because the parties disagree regarding the relevance, burden, and scope of the documents requested. The discussions have conclusively ended in an impasse leaving an open issue for the court to resolve.

/s/ Dean C. Eyler

/s/ Ken Carroll

GP:4816-3708-8679 v1