**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| ADP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-00015-RWS |
| | § | |
| UNILOC LUXEMBOURG, S.A., and | § | **REDACTED** |
| UNILOC USA, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF ADP, LLC'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR A PROTECTIVE ORDER (D.I. 66)**

## TABLE OF CONTENTS

**Page**

I.    ADP SEEKS RELEVANT INFORMATION LARGELY UNAVAILABLE
      FROM UNILOC ................................................................................................. 1

II.   UNILOC'S PRIVILEGE CLAIMS ARE UNSUPPORTED ............................................. 4

III.  UNDER THESE CIRCUMSTANCES, COUNSEL DEPOSITIONS ARE NOT
      DISFAVORED .................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anserphone of New Orleans, Inc. v. Protocol Commc'ns, Inc.*,
    C.V.A. 01-3740, 2002 WL 31016572 (E.D. La. Sept. 10, 2002) .........................................6, 7

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-CY-72DF, 2010 WL 11468809 (E.D. Tex. Mar. 9, 2010) ........................................7

*Garner v. Wolfinbarger*,
    430 F.2d 1093 (5th Cir. 1970) .................................................................................................5

*Kaiser v. Mutual Life Ins. Co. of N.Y.*,
    161 F.R.D. 378 (S.D. Ind. 1994)..............................................................................................6

*Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*,
    No. A-09-CA-711 LY, 2010 WL 5174366 (W.D. Tex. Dec. 13, 2010)...................................7

*Nguyen v. Excel Corp.*,
    197 F.3d 200 (5th Cir. 1999) ...................................................................................................7

*Shelton v. Am. Motors Corp.*,
    805 F.2d 1323 (8th Cir. 1986) .............................................................................................6, 7

*Wright v. Life Investors Ins. Co. of Am.*,
    No. 2:08-cv-03-P-A, 2009 WL 4347024 (N.D. Miss. Nov. 24, 2009) .................................5, 6

STATUTES

28 U.S.C. § 1927..............................................................................................................................2

RULES

Fed. R. Civ. P. 26(b)(1)....................................................................................................................2

Fed. R. Civ. P. 33(d) ........................................................................................................................3

Uniloc is a patent assertion entity that uses attorneys to implement its business and obtain revenue through litigation. The actions and communications of some of those attorneys are material to the claims in this suit. ADP, LLC ("ADP") has accordingly provided focused and necessary subpoenas to the law firm Prince Lobel Tye ("PLT") and one of its attorneys. ADP thus opposes Defendants' Motion for a Protective Order. (D.I. 66.)

## I.   ADP SEEKS RELEVANT INFORMATION LARGELY UNAVAILABLE FROM UNILOC

This suit involves a 2016 patent assignment agreement between IBM and Uniloc to which ADP is a third-part beneficiary. ADP alleges that Uniloc breached an indemnity obligation to ADP in the agreement by maintaining a patent infringement litigation against ADP under the assigned patents knowing that ADP was a "Licensee" under the agreement.[1] The agreement defines the term "Licensee" to include ████████████████████████████ ████████████████████████████████████████████. The agreement specifies ████████████████████████████ ████████████████████████████████. (D.I. 65-18 §§ 2.1, 2.2.)[2] The indemnity provision obligates Uniloc to reimburse ADP for ████████████████ ████████████████. (*Id.* §4.3.)

The parties disagree over a material issue in the case, namely, the damages which arise from Uniloc's breach. Uniloc contends that it did not know that ADP was a "Licensee" until IBM granted ADP a license on October 27, 2017, and thus that ADP's damages for breach are limited to the losses, costs, and expenses it incurred thereafter. ADP contends that it is entitled to

---

[1] Public court dockets make clear that Uniloc maintained claims against ADP in the Federal Circuit through August of 2018, and in this Court through August of 2019.
[2] Uniloc's statement that ADP "was not protected as a 'Strategic Partner' and therefore could be sued," (D.I. 66 at 2), is factually inaccurate, as ████████████████████████████████ ████████████████████████.

indemnification for losses, costs, and expenses incurred before October 27, 2017, on three bases.
First, the plain language of the contractual indemnity term ███████████████████████
████████████████. (*Id.*) Second, Uniloc knew that ADP was a "Licensee" earlier than
October 27, 2017. (*See* D.I. 67 ¶¶ 120-123; *see also* 2:16-cv-741-RWS D.I. 297 at 5–6, D.I. 302
at 1). Third, Uniloc unjustifiably withheld the agreement from ADP's counsel until May 23,
2017 and refused to redesignate it for review by ADP's in-house counsel until July 19, 2017; this
delayed ADP's ability to learn of IBM's reserved rights, resolve the case, and make an indemnity
claim, such that Uniloc is responsible for ADP's pre-breach expenses. Topics 1–6 of ADP's
subpoena to PLT, and its subpoena to attorney Michael Ercolini, are relevant to this third basis.[3]

ADP has learned the following in discovery to date: Uniloc had the 2016 agreement in its
possession upon its execution in February of 2016; Uniloc provided the agreement to its counsel
at PLT no later than June 28, 2016; between June 28, 2016 and April 3, 2017, attorneys at PLT
(and in particular the subpoenaed Mr. Ercolini) refused or ignored multiple requests by ADP's
codefendants to produce the agreement and make it available to the other codefendants (but
ultimately informed Uniloc about at least one such request); and PLT withheld the agreement
from production until May 23, 2017, when it made five identical productions to ADP and ten of
its codefendants in the course of five minutes, each designated "Attorneys' Eyes Only" and
thereby barring each client's in-house counsel from reviewing the document until redesignation.

The above facts are relevant to ADP's breach of contract claim, and under Fed. R. Civ. P.
26(b)(1), ADP is entitled to further develop them in pre-trial discovery and establish their

---

[3] Topics 1–6 are also relevant to ADP's claim under 28 U.S.C. § 1927. Uniloc's motion can be
denied on that basis alone, as Uniloc never disputes that relevance but argues only that ADP's
claim should be dismissed. ADP agrees that the permissibility of Topics 7–10 will be controlled
by the Court's decision on Uniloc's October 9, 2019 Motion for a Protective Order (D.I. 54.)

admissibility for trial. For example, ADP seeks to learn from depositions of PLT and Mr. Ercolini: whether PLT communications produced by Uniloc (of which it was neither a recipient nor a custodian) are authentic, admissible non-hearsay; why Uniloc's counsel did not produce the agreement to ADP's codefendants when asked to; which persons were involved in that decision; why, if the agreement was in the possession of Uniloc's counsel, Uniloc waited to produce the agreement to ADP and nearly all of its codefendants until May 23 (after the deadline for substantial completion of production); why Uniloc's counsel insisted on an "Attorneys' Eyes Only" designation; why Uniloc's counsel produced the agreement to ADP and nearly all of its codefendants on the same day and at the same time; and, why ADP's indemnity demands sent to Uniloc's counsel did not appear in Uniloc's document production. This is not a "fishing expedition," but a targeted inquiry into facts to be presented in summary judgment or at trial.

Uniloc asks the Court to conclude—on Uniloc's representations alone—that "other means exist to obtain the information sought" and that the subpoenas seek information "that can be sought from Uniloc directly." Yet discovery to date strongly suggests that this is not so. First, when ADP served interrogatories regarding the production of the agreement to ADP and its codefendants, Uniloc responded under Fed. R. Civ. P. 33(d) by citing emails between PLT and defendants' counsel which no Uniloc custodian produced, on which no Uniloc employee was copied, and which Uniloc did not itself provide under Paragraph 3 of the Court's Discovery Order. Uniloc later provided a narrative summary of the emails, without identifying any personal knowledge by Uniloc and instead identifying multiple actions of outside counsel. Second, in prior deposition testimony produced by Uniloc in this case, the general counsel of Uniloc USA, Inc. was unable to answer questions regarding when and why the 2016 agreement was produced to certain defendants, instead pausing the deposition to telephone an attorney at PLT and

ultimately failing to answer the question when that specific attorney was unavailable. Third, although ADP noticed a 30(b)(6) deposition of Uniloc for December 17, 2019 (prior to any deposition of PLT) *and* proffered in its meet-and-confer to ask its desired questions of Uniloc before asking them to PLT, Uniloc responded by unilaterally rescheduling the deposition of its corporate witness for "early January" and bringing the instant motion. Finally, Uniloc's counsel has steadfastly contested the relevance of facts and documents relating to production of the agreement, necessitating discovery from PLT to establish that relevance for admissibility (notwithstanding Uniloc's supplemental interrogatory answers regarding its production).

Absent a deposition of PLT and its attorney Michael Ercolini, ADP will not have the opportunity to develop material facts and establish their relevance sufficient for admission in summary judgment or trial. Accordingly, Uniloc's motion should be denied.

## II.    UNILOC'S PRIVILEGE CLAIMS ARE UNSUPPORTED

Uniloc claims that ADP's requested depositions "would almost certainly invoke information protected by the attorney-client privilege and work-product doctrine," (D.I. 66 at 1), but Uniloc has given ADP and the Court insufficient basis to test its claim of privilege.

This Court's discovery order obligated Uniloc to provide ADP with a privilege log on September 11, 2019 "identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection." (D.I. 38.) From the first filing of its Complaint, ADP made clear to Uniloc that it sought discovery into facts surrounding the production of the 2016 Agreement. ADP even provided formal email requests to Uniloc on September 6, 2019 which expressly identified PLT attorneys as custodians. (Opp. Ex. 1.)  After Uniloc provided no privilege log on September 11, 2019, ADP's counsel requested one from Uniloc's counsel on September 17, 2019. (Opp. Ex. 2.)  On September 24,

2019, Uniloc responded, "Uniloc did not serve a privilege log by the deadline set by the Court because its position was that it did not have any documents that needed to be logged for this case. ADP has raised several additional requests, which could impact this issue."  (Opp. Ex. 3). Yet Uniloc has *never* provided a privilege log in this case.

Contrary to Uniloc's claim of privilege, at a May 21, 2018 hearing, when the Honorable Judge Schroeder inquired of Uniloc's PLT counsel why the 2016 Agreement was not produced earlier to ADP, Uniloc's counsel responded without any assertion of privilege that "there was simply an oversight that didn't get produced in this case," that "when the oversight was discovered, it was given to them," and that the agreement was "given to [codefendant Ubisoft] and it was just overlooked here." (D.I. 307 at 40–41.) Counsel's response appears inconsistent with Uniloc's verified interrogatory response on this issue, (Opp. Ex. 4), and ADP seeks to clarify the reasons for that inconsistency before trial. But consistent or not, Uniloc's response indicates that Uniloc did not previously treat the inquiry as privileged. Once Uniloc's counsel has made factual representations to the Court favorable to Uniloc on a matter, Uniloc cannot use privilege as a shield to avoid further examination when those representations are questioned.

To date, Uniloc has given ADP and the Court insufficient basis to test the privilege that it contends is intruded upon by ADP's subpoenas. Uniloc cannot reasonably contend from the thin record provided that *every* relevant fact discoverable under ADP's subpoenas is privileged.[4] Accordingly, the appropriate course is to permit ADP's depositions to proceed and to allow counsel to establish and explore privilege at deposition as appropriate. *See* Fed. Rs. Civ. P. 26(b)(5), 30(c)(2); *Wright v. Life Investors Ins. Co. of Am.*, No. 2:08-cv-03-P-A, 2009 WL

---

[4] As one example, Uniloc would not be able to assert privilege over communications in which it instructed its counsel to fraudulently misrepresent the allocation of rights under the assignment. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1102 (5th Cir. 1970).

4347024, *3 (N.D. Miss. Nov. 24, 2009) ("counsel must determine whether assertion of the attorney-client privilege is proper on a question-by-question basis. Consequently, the court declines to quash the deposition . . . ."); *Kaiser v. Mutual Life Ins. Co. of N.Y.*, 161 F.R.D. 378, 380 (S.D. Ind. 1994) ("deponents are expected. . .to assert their objections during the deposition and to allow questioning parties to develop circumstantial facts in order to explore the propriety of the assertion of the privilege, immunity, or other objection.").

## III.   UNDER THESE CIRCUMSTANCES, COUNSEL DEPOSITIONS ARE NOT DISFAVORED

Uniloc's motion is based on general rules regarding deposition of opposing counsel found in an Eighth Circuit case, *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). *Shelton* has not been expressly adopted in the Fifth Circuit. *Wright*, 2009 WL 4347024 at *2. But regardless of *Shelton*'s precedential value in this circuit, it does not apply to depositions of non-trial counsel on pre-suit actions taken as a party's business representative. *See Anserphone of New Orleans, Inc. v. Protocol Commc'ns, Inc.*, C.V.A. 01-3740, 2002 WL 31016572 (E.D. La. Sept. 10, 2002).

In *Anserphone*, the plaintiffs asserted claims for breach of a purchase agreement. Plaintiffs noticed the deposition of one John D. Vaughan, who had been counsel to the defendants during and after negotiation of the agreement, regarding *inter alia* his post-negotiation letters and other communications with plaintiffs' counsel regarding plaintiffs' rights under the agreement. The defendants argued under *Shelton* that deposition of Mr. Vaughan was (a) impermissible because Mr. Vaughan was "advising defendants with respect to this lawsuit," and (b) unnecessary because "the letters speak for themselves and other sources can report what information the defendants provided in response to the letters." *Id.* The court refused to quash the deposition because defendants were not seeking information that counsel acquired in preparation

of the defense of the instant lawsuit as in *Shelton*, but only seeking non-privileged information regarding pre-suit requests for information from Mr. Vaughn as defendants' representative and follow-up communications relating to performance of the agreement-in-suit. *Id.*

Likewise here, ADP is not seeking information from trial counsel, nor information that Uniloc's counsel at PLT obtained while defending or preparing to defend this lawsuit. Instead, ADP's intends to depose PLT on information known and actions taken before the instant suit commenced. Moreover, ADP's requested information does not relate to litigation strategy but to counsel's past actions as defendants' agent in assessing rights under a contract and in conveying (or withholding) information regarding those rights to *e.g.* the plaintiff. As in *Anserphone*, such inquiry by deposition is permissible. *Id.* at *1; *see also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CY-72DF, 2010 WL 11468809, at *7 (E.D. Tex. Mar. 9, 2010) (permitting deposition of party's counsel on non-privileged information regarding license negotiations with prior defendants where counsel, rather than party executives, conducted the negotiations). The authorities on which Uniloc relies are accordingly distinguishable, because they involved parties seeking discovery from counsel that impinged on trial strategy in a litigation at bar. *E.g. Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, No. A-09-CA-711 LY, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010) (quashing deposition of counsel who "provided [movant] with advice on trial strategy in this case and has been involved in trial preparation"). Regardless, even under the *Shelton* standard ADP's requests would be appropriate, since as in Section I *supra*, ADP seeks relevant, non-privileged information crucial to its claims and unavailable elsewhere. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 208-209 (5th Cir. 1999).

ADP respectfully requests that the Court deny Uniloc's Motion for a Protective Order.

Dated:  December 19, 2019

/s/ Matthew J. Moffa
**PERKINS COIE LLP**
William J. McCabe
Matthew J. Moffa
John T. Dixon
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Phone:  (212) 262-6900
Fax:  (212) 977-1649
WMcCabe@perkinscoie.com
MMoffa@perkinscoie.com
JohnDixon@perkinscoie.com

**POTTER MINTON, PC**
Michael E. Jones
Texas Bar No.:  10929400
Patrick C. Clutter
Texas Bar No.:  24036374
110 North College Suite 500
Tyler, TX 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846
mikejones@potterminton.com
patrickclutter@potterminton.com

**ATTORNEYS FOR
PLAINTIFF ADP, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 19, 2019. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 19, 2019.

/s/ Matthew J. Moffa

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this brief and its accompanying exhibits should be filed under seal because they contain material designated as confidential under the Protective Order approved and entered in this case on July 1, 2019 (D.I. 44).

/s/ Matthew J. Moffa